IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:21-cv-01705-SKC

R.M.C.,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## OPINION & ORDER

Before the Court on consent of the parties under 28 U.S.C. § 636(c), Dkt. 10,[1] is Defendant's Motion to Remand, Dkt. 17. Plaintiff R.M.C.[2] filed a Response partially opposing the Motion, Dkt. 17, and Defendant filed a Reply, Dkt. 19. The Court has carefully considered these filings, applicable law, and relevant matters from the social security administrative record, Dkt. 11. No hearing is needed.

On September 13, 2012, Plaintiff filed an application for supplemental security income (SSI) benefits claiming disability beginning that same date. His administrative matter resulted in an unfavorable decision from an administrative

---

[1] The Court uses "Dkt. __" to refer to specific docket entries in CM/ECF.

[2] This Opinion & Order identifies Plaintiff by initials only per D.C.COLO.LAPR 5.2.

1

law judge (ALJ) which eventually became the Final Decision of the Commissioner of Social Security. *See* 20 C.F.R. § 404.981; *Nelson v. Sullivan*, 992 F.2d 1118, 1119 (10th Cir. 1993) (citation omitted).

Defendant moves this Court under sentence four of 42 U.S.C. § 405(g) for an order remanding this case for further administrative proceedings. By moving for remand, Defendant concedes substantive error in the Final Decision and asks this Court to reverse and remand. The parties agree the Court should reverse the Final Decision, but they differ on whether the Court should remand for additional proceedings or instead for an immediate award of benefits.

Whether to award benefits is a matter of judicial discretion. *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006). Some factors the courts consider include the length of time the matter has been pending and whether, given the available evidence, remand for additional fact-finding would serve any useful purpose or merely delay the receipt of benefits. *Id.* A prolonged time adjudicating a claimant's application, in and of itself, is not a basis for an immediate award of benefits. *See Miller v. Chater*, 99 F.3d 972, 978 (10th Cir. 1996) (remanding for more proceedings seven years after the application for benefits); *see also Winick v. Colvin*, 674 F. App'x 816, 823 (10th Cir. 2017) (remanding for more proceedings 10 years after the application for benefits).

One point of error the parties appear to agree on is the weight the ALJ either did or did not afford certain expert opinions, and his failure to resolve conflicts

between those opinions. Dkt. 11-2 at pp.10-11; Dkt. 17 at pp.2-3. The other point of error concerns Plaintiff's inability to perform at least two of the three occupations the ALJ relied on at Step Five because those jobs have a GED reasoning level which exceeds the RFC findings. Dkt. 17 at p.3; Dkt. 18 at p.3. Plaintiff additionally argues the third occupation, which involves the ability to handle detailed instructions, conflicts with a medical opinion the ALJ found to be "overall supported by and consistent with the evidence," and which limited Plaintiff to simple instructions. Dkt. 18 at pp.3-4.

These are the precise types of errors which the Tenth Circuit has found additional fact-finding serves a useful purpose. *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) ("We therefore must reverse this portion of the ALJ's decision and remand to allow the ALJ to address the apparent conflict between Plaintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified as appropriate for her by the VE."); *Miller*, 99 F.3d at 976 (remanding in part because the ALJ erred by failing to provide reasons for rejecting a treating physician's opinions); *see also Winick*, 674 F. App'x at 821 (remanding in part because of the ALJ's mistreatment of treating source opinions). And this Court, exercising its discretion, finds a remand for additional fact-finding would serve a useful purpose considering the nature of the errors at issue.

The Court acknowledges this remand comes 11 years after Plaintiff's initial SSI application. The Court is not unsympathetic to the long slog Plaintiff has had to

endure with this process. "But an eventual award of benefits is not foreordained on this record, and further administrative proceedings are appropriate to permit the Commissioner to properly weigh the evidence." *Winick*, 674 F. App'x at 823; *see also Zelenak v. Saul*, No. 20-CV-02045-REB, 2021 WL 973390, at *3 (D. Colo. Mar. 16, 2021).

*   *   *

For the reasons shared above, the Motion is GRANTED.

The Final Decision is REVERSED, and this matter is REMANDED for further proceedings under sentence four of 42 U.S.C. § 405(g).

It is FURTHER ORDERED that judgment shall enter in favor of Plaintiff and against Defendant in accordance with Fed. R. Civ. P. 58 and consistent with the United States Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-302 (1993).

Plaintiff is FURTHER AWARDED his costs, to be taxed by the Clerk of Court pursuant to Fed. R. Civ. P. 54(d)(1).

DATED:  October 31, 2023

BY THE COURT:

_____<br>
S. Kato Crews<br>
United States Magistrate Judge